Estate of Leon W. Korr, Deceased, Florence G. Korr, Executrix v. Commissioner. Max M. Korr v. Commissioner.
Estate of Leon W. Korr, Deceased v. Commissioner
Docket Nos. 35030, 35031.
United States Tax Court
1954 Tax Ct. Memo LEXIS 269; 13 T.C.M. (CCH) 238; March 19, 1954
*269 Lester J. Schaffer, Esq., 2100 Girard Trust Company, Philadelphia, Pa., for the petitioners. Stanley W. Herzfeld, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: These consolidated proceedings involve deficiencies in income taxes of petitioners for the year 1946 as follows: Leon W. Korr
$1,293.11
Max M. Korr
3,012.62
The sole issue is whether the respondent erred in increasing the gross income of the partnership in which the petitioners were copartners by the amount of $8,750, representing the amount paid in 1946 in settlement of an equity suit instituted against the petitioners and deducted as a business expense of the partnership. The stipulated facts are found accordingly. Max M. Korr and Leon W. Korr each filed an individual income tax return for the taxable year 1946 with the collector of internal revenue for the first district of Pennsylvania, at Philadelphia. Petitioners throughout the year 1946 were copartners in Max M. Korr Enterprises of Allentown, Pennsylvania, engaged in the motion picture business. On March 6, 1945, Esther Korr Maser, a sister of petitioners, filed an equity suit against them. In her *270 bill of complaint Esther Korr Maser alleged, inter alia, that on or about January 1, 1937, she, together with Max M. Korr and Bella Korr, entered into a written partnership agreement for the conduct and management of the motion picture business in Allentown, Pennsylvania, under the name of the Earle Theatre. Esther Korr Maser further alleges that she was obligated to contribute one-fourth of the value of the business and was to share in the profits and losses to the extent of twenty-five per cent. It is further alleged that the interest of Bella Korr had been acquired by Max M. Korr, and that the partnership was still in existence. The relief prayed for was that the partnership existing between her and Max M. Korr be dissolved; that a receiver be appointed to liquidate the partnership; that Max M. Korr make a full accounting of her share of the partnership assets and profits; and that Max M. Korr account as a partner and Leon W. Korr account as a trustee for any assets acquired by them jointly or trading as Max M. Korr Enterprises out of the profits of the partnership. The petitioners filed preliminary objections to the bill of complaint which were overruled by the court. On July 3, 1945, the *271 petitioners filed a joint answer denying generally the material allegations of the complaint and praying that the same be dismissed. The case was listed for trial on June 10, 1946, and on that date the parties entered into a settlement whereby Esther Korr Maser was paid the sum of $8,750, thereby terminating the suit against the petitioners. On June 10, 1946, Esther Korr Maser executed a release which recites that in consideration of the sum of $8,750 paid to her by Max M. Korr and Leon W. Korr she released and forever discharged Max M. Korr and Leon W. Korr, individually and jointly, as well as any businesses which they or either of them conducted, owned, or had an interest in, or were connected with, including the Earle Theatre, Max M. Korr Enterprises, Pennsylvania Comb Company, and Pennsylvania Specialty Company, and generally releasing Max M. Korr and Leon W. Korr from all claims and demands whatsoever. The payment of $8,750 was made by Max M. Korr Enterprises and was debited on the books of the partnership to alleged business expense. The respondent increased the gross income reported on the 1946 partnership return by the amount of $8,750. In determining the deficiency *272 against the petitioners, the respondent increased the gross income reported on their respective 1946 individual returns by their proportionate share of the additional partnership income as adjusted. The burden is upon the petitioners to show that the payment is $8,750 in 1946 by Max M. Korr Enterprises was an ordinary and necessary expense incurred and paid in 1946 in the operation of the partnership business. Upon this record we are of the opinion that the petitioners have utterly failed to establish such fact. No testimony was offered. Such facts as were stipulated show merely that the partnership of Max M. Korr Enterprises paid the sum of $8,750 to Esther Korr Maser in compromise of her equity suit brought under an alleged partnership agreement, dated January 1, 1937, with the petitioner, Max M. Korr. The principal relief prayed for was an accounting by Max M. Korr as a partner and an accounting by Leon W. Korr as trustee. The stipulated fact that the partnership paid the amount of $8,750, which was debited to business expense, falls short of establishing that the payment constituted an ordinary and necessary expense of the partnership making the payment. The release given by *273 Esther Korr Maser recites that the payment was made by the petitioners and was in discharge of their individual debt or obligation. The amount paid was not in discharge of a debt of the partnership and does not constitute an ordinary and necessary expense incurred in the operation of the partnership business. The mere fact that it was paid out of partnership funds does not make it so. On the basis of the stipulated facts we hold that the petitioners have utterly failed to carry the burden of showing that the amount paid in settlement of the equity suit instituted by Esther Korr Maser against the petitioners was an ordinary and necessary business expense of the Max M. Korr Enterprises. Since the amount of $8,750 paid in 1946 was not properly deductible by the partnership from its gross income, the distributable net income of the partnership was correspondingly increased. The respondent, therefore, properly increased the gross income of the petitioners for the taxable year 1946 with their respective share of the $8,750 paid by the partnership for their individual benefit. Decisions will be entered for the respondent.